Our next case this morning is the case of Devin and Hope Kraemmerer v. Michael Wagner And we have Ms. Patricia Zimmer for the appellant and we have Mr. Robert Sprague for the athlete And you may begin, Ms. Zimmer Good morning, Your Honor Good morning May it please the court My prepared argument this morning will be very brief I believe that for the most part my arguments were sufficiently set out in my briefs I think that there are certainly two issues involved here that were error on the part of the trial court Either one of which, if this court decides in favor of the appellant, would result in reversal of the circuit for the jury's decision I want to concentrate today on the issue of submitting the duty issue to the jury Which I am concerned may not have been sufficiently explained in my briefs I am going to cite the case of Collins v. Raynard which was cited in my reply brief That case is mainly known for its decision to not send the Mormon doctrine to legal malpractice And to allow cases for purely economic damages to be heard on a legal malpractice theory But in the process of making that decision, the Supreme Court also decided that the tort theory of legal malpractice was certainly the most typical theory used in legal malpractice cases And what the court explained was that tort law applies to situations where society recognizes a duty that is totally apart from contractual undertakings And the allegations are general allegations that impose liability for negligent conduct on the part of an individual This is a purely policy decision that is across the board in every negligent situation a question of law for the court I just don't think there's any doubt that the duty determination must be made by the court as a legal issue and not submitted to the jury And that I think is my main concern in regard to this case and my main concern about whether or not I can sufficiently explain my position Once I realized that it must be a question of law for the court, then the issues, the elements that the court bases its decision on are the four very well-recognized elements The foreseeability of the injury, the likelihood of the injury, the magnitude of the burden of guarding against the injury, and the consequence of placing that burden on the defendant Under the facts of this case, there's just no question that Mr. Wagner had a duty to speak and to inform Devin Kammerer at his meeting with him in regard to this business transaction That he was not his attorney. Devin Kammerer reasonably assumed that Michael Wagner was his attorney It would have been a matter of a five-minute explanation on the part of Michael Wagner that said, You need to understand, we have represented the seller of this business previously, our firm has I do not represent your interests as the buyer in this transaction If you intend to get legal advice in regard to this transaction, you need to speak to another attorney because I will not represent your interests That's the entirety of the burden that Mr. Wagner would have had And that is the entirety of his duty, and if he had fulfilled that duty, we wouldn't be here today But he didn't, and that is why, because he did not speak up when he had a duty to speak, that is why he is deemed to be Devin Kammerer's attorney And why the duty then exists And once that determination is made, which is the property determination, and the determination that should have been made by the trial court Then we get to the issues of breach, improximate cause, and damages Ms. Zimmerman, how do you distinguish the cases cited by the appellee that say that whether or not there is a contract is a question of fact for the jury? I am not necessarily arguing with that general concept I think that at times, whether or not a contract exists can be a question for the jury, a question of fact, depending on the circumstances of the case The only legal malpractice case that was cited by the appellee for that proposition was the case of Zeick v. Jones, which is a 1980 case It was pre-Pelham v. Grieshaber I think the possibility exists that that case would be cited differently today Because Pelham v. Grieshaber determined that privity of contract was no longer a requirement for an attorney-client relationship But be that as it may, on its facts, if you look at Zeick v. Jones, it was a summary judgment on behalf of the client in the case What the court did was it reviewed that decision de novo and determined that there had been affidavits filed by the defendant attorney In which he stated that the fact was that he had actually, although he had made an appearance on behalf of the plaintiff in a case That the plaintiff had informed him that he would let him know if he wanted him to represent him in the case So I think just as a factual matter, clearly those two parties understood their lack of attorney-client relationship at the time of the underlying incident in that case I have found no legal malpractice case based on a tort theory that has submitted the issue of duty And in fact, no negligence case that has submitted the issue of duty to the jury There's no question that it's an issue of law for the court And that is what I wanted to speak about this morning I believe that was clearly an error on the part of the trial court to submit that issue to the jury I believe that error was clearly prejudicial to the plaintiffs Based on the facts of this case, the issue should have clearly been decided in favor of the plaintiffs by the trial court And therefore I would ask this court to reverse the decision of the circuit court Thank you Ms. Zimmerman, you'll have the opportunity for rebuttal Sure Mr. Sprague My name is Robert Sprague, I represent the appellate, Michael Wagner, in this matter May it please Ms. Zimmerman Also, as you know, this is a legal malpractice case The appellant raises several errors One is that the trial court didn't submit the attorney-client relationship to the jury The standard review on that is that all evidence was reviewed in this aspect most favorable to the opponent So overwhelmingly, favorability is that no contrary verdict based on the evidence could ever stand That's the standard, it's an awful high standard And if you look at the law and then you look at the facts, you'll see that the trial court was exactly correct in their decision In order to prevail in a negligence case, in a legal malpractice case The plaintiffs must prove all of the following elements They must prove, one, the existence of the attorney-client relationship That's the first element they must prove Then they must prove a negligent deviation from the standard of care owed to the client That standard of care is created by the contract The existence of the attorney-client relationship They must show proximate cause and they must show damage As I cited in my brief, the attorney-client relationship is a contract It's a contractual nature, everybody here practiced law Your client comes in, you make the contract, you represent them And you represent them It may be expressed implied or oral or written And the question of whether the contract is well is, if so, what it is, is a question of fact for the jury And if you review the facts in this case, I think they clearly show that there wasn't a contract And that's what the jury, I believe, found Mr. Cameron testified, Mr. Cameron the plaintiff testified That he met Mr. Ballone, who he was buying this business from He and Mr. Ballone made a deal to sell the business Mr. Ballone, he was going to take over the business, he was going to take over the debts of the business And he got the business Cameron testified that he saw Mr. Wagner, who was the attorney in this case, twice And at the second meeting they signed a contract Who paid the fees related to the services? Pardon me? Who paid for the attorney fees related to the services? It's a little confusing, the bill is from Inchoff-Hummerson shows David Ballone was the client He was the seller The seller shows the bill was sent to David Ballone And somehow they paid for the fees, I think they might have paid out of the business To me it was kind of confusing But Mr. Ballone still owns 49% of the business For a year, they signed a contract on January 13th, December 31st Cameron took Ballone totally out of the business The bill clearly shows that Mr. Ballone was the client In fact, it's in the evidence In 2004, after Mr. Cameron closed on the business, he goes to Inchoff-Hummerson He sees Mr. Wagner and wants him to send a letter to a former employee saying bad things about the business And that's when they went in their records and said Mr. Cameron was a client of Mr. Wagner's law firm In 2004, after this was all over, a year after he owned the business But Mr. Cameron also testified that Mr. Wagner never said he would do anything for him He testified that he never asked Mr. Wagner that he would do anything for him Mr. Cameron testified he knew when he went there that Mr. Wagner was Mr. Ballone's attorney In March of 2003, approximately two months after this contract was signed Carol Sheen writes Mr. Wagner saying I'm Mr. Cameron's attorney And asks him some questions about the deal Mr. Cameron, after he signed this contract, he had to sign franchise agreements with the national company And after long, he had to go to the bank and finalize much documentation He went there without a lawyer When asked about that, he testified he didn't need a lawyer Because attorneys cost money, that's his testimony Mr. Wagner basically testified, Mr. Cameron's wife who's also a plaintiff testified She never saw Mr. Wagner, was never in Mr. Wagner's office Mr. Wagner testified that Ballone had been a client of his firm, Mr. Baumann and his firm for 20 years Mr. Baumann referred Mr. Ballone to Mr. Wagner Ballone told Mr. Wagner on the phone, I have your business sold Based on what he told him on the phone, Mr. Wagner sent him a contract on January 9, 2003 That contract did not have the seller's name in it The buyer's name was Mr. Cameron Because Mr. Wagner didn't know who the buyer was on January 9, 2003 He made some changes to the contract pursuant to Mr. Ballone's instructions by fax Which are in evidence Mr. Cameron and Mr. Ballone were in Mr. Wagner's office on January 13, 2003 Most of Mr. Ballone and Mr. Wagner testified That's the first time Mr. Wagner ever saw Mr. Cameron They executed the contract Wagner never told him he was going to do anything for him Never told him he was his lawyer And as you asked about the bill, the bill went out to Ballone On their bills it's in evidence It shows who the client is, it shows who the bill goes to And over on the right side it shows who the client of the law firm is It shows it was Mr. Ballone And then Mr. Ballone testified Who has no dog in this fight He testified basically the same as Mr. Wagner He talked to Mr. Cameron about selling him his lawn business He gave him the financial statements And he met with the banker Terry Schaefer to see if the banker would let Mr. Cameron assume the loan He then called Wagner Wagner drafted the contract He confirmed that Ballone was his lawyer but they sent him to Wagner He testified that Cameron knew that Wagner was his lawyer, Mr. Ballone's lawyer He testified that the first time Cameron ever saw Wagner Was at this January 13th meeting And he also testified that Cameron never asked Wagner to do anything And Wagner never offered to do anything They put on an expert who gave an opinion based on the restatement of law Helping lawyers  As I've cited in my brief, the court's not bound The jury's not bound by experts' opinions In fact, Illinois Patent and Jury Instruction, which was given in this case Reads, you have heard a witness give opinions about matters requiring special knowledge or skill You should judge his testimony in the same way you judge the testimony from any other witness The fact that such a person has given an opinion does not mean that you are required to accept it To give the testimony in whatever weight you think it deserves Considering the reasons given for the opinion, the witness's qualifications, and all other evidence in the case I've cited cases that the jury wasn't bound by this expert's opinion And if you go back to where we started, the standard of review The evidence doesn't so overwhelmingly favor the opponent The verdict should have been directed based on the fact of attorney-client relationship They cite two cases, but if you read those cases They say the duty is a question of law But the duty doesn't say that the attorney-client relationship is a custom of law The two cases she cites, the duty is a question of law But the duty doesn't arise until there's an attorney-client relationship The attorney-client relationship creates the duty And so it's a question of fact that was properly submitted to the jury And I would think the jury properly made the correct decision The next issue they raised for error is submitting the question of contributory negligence to the jury And I've cited cases of ordinary negligence Principles apply in these attorney malpractice cases And contributory negligence is a defense And ordinarily the question of contributory negligence is a question of fact for the jury to determine There's plenty of evidence in the record about what Mr. Kammerer did or didn't do Mr. Blum testified he gave financial statements to the business sometime in late 2002 The 10-31-2002 financial statements for this law and business showed a loss of $25,800 And it's obvious that law and business is not too good in November and December Mr. Kammerer didn't ask about it to see any other records Mr. Blum also informed Mr. Kammerer that he had made no profit in this business since 1998 He testified that he needed 500 customers to make a profit And there was a normal 35% cancellation rate of customers for nearly a year He gave Mr. Kammerer customer records that showed 400 customers Mr. Kammerer did nothing about this He did not check to see if any of the customers were still there He didn't ask to see any more financial statements There was also testimony that Mr. Kammerer Probably the only smart thing he did, Mr. Kammerer took these financial records and went to his accountant His accountant made a list of things and said go get all these things and come back to me and talk about it Mr. Kammerer never went back to his accountant to review the financial records And he never asked to see any bank accounts or any other records of the business We think this is all sufficient evidence to show that there could have been contributory negligence We believe that the jury could draw inferences from this evidence And had he done something different he wouldn't have been in the predicament that he was And so we think the court was properly submitted the question of contributory negligence to the jury We also think the court, I've expressed so much grief, properly denied the plaintiff's motion to set aside the verdict The next thing the defendant argues is attorney fees Attorney fees are not a proper element of damages the way she's saying it They're trying to say that their attorney fees, plaintiff's attorney fees They're trying to say plaintiff's attorney fees are a proper element of damages in the legal malpractice case That's not the law, there's no case in Illinois that says that, unless it's statutory itself There's no case that says that plaintiff's attorney fees are an element of damages to a person who suffered an injury as a result of tort The case she says, the Nettleton case, they held attorney fees were a proper element of damages But they weren't the attorney fees for the plaintiff The plaintiff in that case was involved in a divorce proceeding and her lawyer messed it up So she hired another lawyer to try and straighten it out and that lawyer charged her But then she sued the first lawyer for attorney fees and the court in that case said that attorney fees Those attorney fees were a proper element of damages because those were fees she had to spend with another lawyer to try to fix the first lawyer's mistake The last thing that I raised in my brief is that we asked for a directed verdict on the statute of limitations We believe the evidence clearly shows that the statute of limitations is run in this manner 735 ILCS 5-13-214 sets forth what the statute of limitations is Again, it's a two year statute of limitations or two years from the time the person bringing the action knew or reasonably should have known injury For which damages were sought We believe Mr. Wagner, excuse me, Mr. Cameron did file this case in November of 2005 The contract was executed January 13, 2003 There's all kind of evidence that most of the things that Mr. Cameron complained about he was well aware of in the first quarter of 2003 Which would have meant his statute of limitations ran on April 1, 2005 He knew right away that the customer list wasn't valid because when he started checking it, when he finally started checking it in the first quarter After he bought the business he found out a lot of the customers weren't there He found out that there were unpaid bills, there was money missing And so we believe that most of, almost all the damages he's complained about he was well aware of in the first quarter of 2003 Which would have started the statute of limitations on April 1, 2005 I cited the Hermitage case In the Hermitage case they said at some point the injured person becomes possessed of sufficient information concerning injury And is caused to put a reasonable person on inquiry to determine whether actual conduct is involved We believe that Mr. Cameron had all this information in the first quarter of 2003 He had a lawyer in March of 2003, Carol Machine, and he did nothing about it He continued on just running this business But if you look at Mr. Duraco's testimony Mr. Duraco, who was Mr. Cameron's accountant, was of the opinion that Mr. Cameron just had it stuck in his head I can make money with this business and that's all he cared about And he charged forward For the reasons I've just stated, I believe this is a firm of the Hermitage Jury And we rule in favor of the appellate lease to the right Thank you Thank you, Mr. Sprague I have a question for you You know, I agree that the issue of duty, what that duty entails Between an attorney and a client is an issue of law But before you get to whether or not there's a duty Don't you have to determine whether or not there is The parties stood in such a relationship where a duty's imposed Yes And isn't that a factual issue of contract? No, well, it could be Depending, I suppose, on the circumstances The problem is that in this case The duty that arose on the part of Michael Wagner Was a duty to speak He was in a situation where he actually did give advice to Devin Kammerer He helped him structure the business sale agreement He explained it to Devin Kammerer He applied for a federal ID number for Devin Kammerer And to answer your question, Your Honor, Kammerer Lawn did pay the fees for Michael Wagner's work The check that Kammerer Lawn issued was an evidence at the trial Mary Robinson relied on all of these facts, which were not in dispute To explain that that created a reasonable belief on the part of Devin Kammerer That Michael Wagner was, in fact, his lawyer and acting on his behalf Once a client, or a potential client, has a reasonable belief based on facts But aren't those facts something that a jury decides in the determination As to whether or not they stand in a relationship where one can presume a contract No, because once a potential client has a reasonable belief that this is his lawyer and acting on his behalf Then, unless that lawyer speaks But let me stop you there If that is what establishes the contract, the reasonable belief Isn't that an issue for the jury? Not in this case And I don't know that I can say in every case But in this case, what it created was a duty to speak on the part of Michael Wagner And Devin Kammerer's understandings And the facts that led to those understandings created a reasonable belief on Devin Kammerer's part That was testified to by Devin Kammerer Obviously, he believed Michael Wagner was his lawyer in this transaction It was also testified to by Mary Robinson, the expert for the plaintiffs There was no expert testimony on behalf of the defendants in this case And so therefore, in this case Certainly, if you're drawing a distinction between whether or not an attorney-client relationship was created And therefore a duty was created If those two things can in fact be separated In this case, the only evidence points to a finding of a duty on the part of Michael Wagner Because of his failure to speak and because of the reasonable belief of Devin Kammerer So he is therefore deemed to be Devin Kammerer's lawyer under the law In regards to the contributory fault issue The main reason that that was not properly submitted to the jury Was because the defendant provided absolutely no evidence of proximate cause Between anything that Devin Kammerer did and his decision to go forward with this business The only thing that was in evidence that Devin Kammerer testified Would have caused him not to go forward and buy this business Was a letter that had been written by another member of the Henshaw Culbertson firm That was not provided to Devin Kammerer for his review Which stated that the only way this business would make money Is if it had 1,200 customers Dave Malone never had 1,200 customers in the entire time he was operating the business And Devin Kammerer testified that if he had known that an attorney's opinion was That 1,200 customers were required to make a profit in this business He never would have bought the business That's the only thing that Devin Kammerer testified to Would have prevented him from purchasing this business And therefore, any of the things that the defendant wants to point to As contributory fault or negligence on the part of Devin Kammerer Don't matter because there's no proximate cause there So it should never have been submitted to the jury on that issue Is Mary Robinson the same attorney that's on the attorney registration? She was and she's retired So was there also an ethical violation alleged as part of one of your negligence counts? We actually did not allege any sort of ethical violation It was just a matter of Mary Robinson testified mainly in regard to the existence of the attorney-client relationship Thank you both for your briefs and arguments